Our File No.: 22.NM6956

BURRELL REGENSTREICH LLC
219 E. BERGEN PLACE
RED BANK, NEW JERSEY 07701
732-212-8400
Attorneys for Defendant(s), MIDLAND HEALTHCARE, LLC.
BR2046

| | |
|---|---|
| BRECKENRIDGE PHARMACEUTICAL, INC, | UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK |
| Plaintiff, | CASE NUMBER: 07-CV-11114(RWS) |
| vs. | ANSWER |
| MIDLAND HEALTHCARE, LLC. | |
| Defendant. | |

Answer to Plaintiff's Complaint with Separate Defenses and Demand for Trial by Jury. The answering defendants, **MIDLAND HEALTHCARE, LLC.** by way of Answer to the plaintiff's Complaint, say:

### THE PARTIES, JURISDICTION AND VENUE,

1. The answering defendants have insufficient knowledge to form a belief as to the allegations of paragraph one.

2. The answering defendants have insufficient knowledge to form a belief as to the allegations of paragraph one.

3. The answering defendants have insufficient knowledge to form a belief as to the allegations of paragraph one.

4. Admits.

5. The answering defendants have insufficient knowledge to form a belief as to the allegations of paragraph one.

6. Admits insofar as the subject contract so states.

## STATEMENT OF FACTS

7. Admit.

8. Admit. Insofar as the documents speak for themselves. The answering defendants make no answer as it relates to the meaning of the content of the documents

9.. Admit. Insofar as the documents speak for themselves. The answering defendants make no answer as it relates to the meaning of the content of the documents.

10. Admit. Insofar as the documents speak for themselves. The answering defendants make no answer as it relates to the meaning of the content of the documents

11. Admit. Insofar as the documents speak for themselves. The answering defendants make no answer as it relates to the meaning of the content of the documents.

12. Denies

13. Denies. Insofar as the documents speak for themselves. The answering defendants make no answer as it relates to the meaning of the content of the documents.

14. Denies

15. Denies.

## COUNT 1

16. The answering defendants repeat the answers to 1-15 as if fully set forth at length herein.

17. Denies

## PRAYER FOR RELIEF

a.          Opposed
b.          Opposed
c.          Opposed

## SEPARATE DEFENSES

1. The answering defendants deny any negligence alleged.
2. The answering defendants deny that this Court has subject matter jurisdiction.
3. The answering defendants allege that this jurisdiction is not in the proper venue.
4. The answering defendants deny the conflict alleged.
5. The answering defendants deny the proximate cause alleged.
6. The answering defendants deny the claims for compensatory damages.
7. The answering defendants deny the claims for liquidated damages
8. The Complaint is barred pursuant to the Entire Controversy Doctrine, and the answering defendants reserve the right to move to dismiss.
9. The answering defendants reserve the right to amend this Answer to incorporate additional defenses that may arise pursuant to continuing discovery.
10. The answering defendants deny that there was any deviation from approved standards of care.
11. The plaintiff's claims are barred, or in the alternative, the damages to which the plaintiff is entitled must be reduced under the Doctrine of Comparative Negligence and the Comparative Negligence Act, *N.J.S.A.* 2A:15-5.1 *et. seq.*
12. The plaintiff's claims are barred pursuant to the Doctrines of Laches, Waiver and Estoppel.
13. The plaintiff's claims are barred pursuant to the Doctrine of Accord and Satisfaction.

14. The plaintiff's claims are barred pursuant to the Statue of Limitations, and the answering defendants reserve the right to move to dismiss.

15. The Complaint fails to state a claim upon which relief may be granted, and the answering defendants reserve the right to move to dismiss.

16. The answering defendants acted reasonably and prudently under the circumstances of which they are liable to plaintiff's.

17. The injuries and damages alleged were caused by the actions of third persons over whom these answering defendants exercised no right of control.

18. The plaintiff's claims are barred, or in the alternative, the damages to which plaintiff's are entitled must be reduced under the Doctrine of Comparative Negligence and the Comparative Negligence Act, *N.J.S.A.* 2A:15-5.1 *et. seq.*

19. The Plaintiff herein breached the contract and is not entitled to damages.

20. The Plaintiff's Complaint herein is premature insofar as the time period to cure an alleged "default" had not expired when the Complaint was filed and is untimely as a matter of law.

21. The damages to which the Plaintiff claims they are entitled must be reduced by the costs expended by the defendant as stated in the subject development, manufacture and supply agreement (Agreement) annexed, in part, to the Plaintiff's complaint

**DEMAND FOR TRIAL BY JURY**

The answering defendants hereby demand a Trial by jury as to all issues.

> BURRELL REGENSTREICH, LLC
> Attorneys for Defendant(s),
> Defendant(s) MIDLAND HEALTHCARE, LLC
> By: */s/ Bruce Regenstreich*
> BRUCE REGENSTREICH

Dated: January 15, 2008

## CERTIFICATION

I hereby certify that an original and one copy of the within document has been filed with the United States District Court, Southern District of New York and that a copy of same has been served upon all interested parties within the period of time allowed in accord with R 1:6-4 and 4:6-1.

The within document has been served within the time prescribed by the Rules of Court or as extended by Stipulation between the parties. The matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor are the names known of any other party who should be brought in this action.

The matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor are the names known of any other party who should be brought in this action.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

BURRELL REGENSTREICH, LLC<br>
Attorneys for Defendant(s) MIDLAND HEALTHCARE, LLC<br>
By: _____<br>
BRUCE REGENSTREICH

Dated:   January 15, 2008